IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES ANDREW HEGEDUS AND VIRGINIA ELLEN HEGEDUS, | ) ) |
| Debtors / Plaintiffs, | ) Case No. 5:23-cv-017 ) |
| v. | ) By:   Michael F. Urbanski ) Chief United States District Judge |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-THROUGH TRUST IX, | ) ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant U.S. Bank National Association's ("U.S. Bank") motion for a prefiling injunction against plaintiffs James and Virginia Hegedus, who, proceeding pro se, filed a complaint in an adversary bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Virginia in June 2022. See In Hegedus v. U.S. Bank Nat'l Ass'n, No. 22-05007 (Bankr. W.D. Va. filed June 28, 2022). This case represents the latest in a string of almost 13 years of litigation involving the Hegeduses in this court and in Delaware state and federal courts to challenge foreclosure proceedings against property they owned in Lincoln, Delaware. Bankruptcy Judge Rebecca B. Connelly submitted proposed findings of fact and conclusions of law on U.S. Bank's motion to this court on March 21, 2023, to which the Hegeduses objected.

Save their objection and a separate attempt to clarify Judge Connelly's proposed findings and conclusions, the Hegeduses have submitted no filings in this court or in the

1

bankruptcy court since Judge Connelly transmitted her proposal in March 2023. Accordingly, the motion is **DENIED as moot**.

I.

Judge Connelly aptly summarized the Hegeduses' history of litigation in the court's proposed findings of fact and conclusions of law. ECF No. 1, at 2–16; App. (itemizing the Hegeduses' filings from 2015–2022). What began as an attempt to shield their Delaware property from foreclosure mutated into a multi-year, multi-court campaign of vexatious filings by the Hegeduses in which they charged their opposing parties with fraud, asserted debunked legal theories, and attempted to overwhelm court systems with frivolous pleadings. Several courts have issued warnings to the Hegeduses.

> In my view, [the Hegeduses] have abused the judicial process by filing frivolous motions and other pleadings. They have attempted to relitigate claims that have already been raised or disposed of multiple times before this [c]ourt. They have not made a diligent and good faith effort to determine what relevant case law controls the legal issues they raise. They have reason to believe that their claims are foreclosed by controlling law. This places an undue burden on the already-taxed judicial system and negatively impacts the administration of justice. Their pleadings appear to be designed to vex, harass, or injure [U.S. Bank].

U.S. Bank Nat'l Ass'n v. Hegedus, No. S15L-12-053, 2021 Del. Super. LEXIS 1576, at *1–2 (Del. Super. Ct. June 21, 2021). The Delaware Superior Court discussed the various sanctions available but declined to impose them. Id. at *6. However, the court warned the Hegeduses that they "should consider this Order to put them on notice that further filing of frivolous or vexatious pleadings may not be met by [the court] with similar restraint in the future." Id.

In one of the Hegeduses' prior bankruptcy proceedings, Judge Connelly addressed the Hegeduses' strategy of harassment.

2

> This [c]ourt will not continue to tolerate the frivolous delay tactics and abuse of the [c]ourt system which Mr. and Mrs. Hegedus have employed. The fact that Mr. and Mrs. Hegedus do not approve of this [c]ourt's ruling, or that they insist this [c]ourt must prove to them how the current holder of the deed of trust is entitled to exercise rights under the same, is not an excuse to disregard this [c]ourt's authority.

In re Hegedus, No. 19-50855, ECF No. 67, at 5–6 (slip copy) (Bankr. W.D. Va. June 18, 2020).

Even this court has previously commented on its longstanding involvement in the Hegeduses' litigation.

> At this point in the proceedings, U.S. Bank and the bankruptcy court both indicate that the Hegeduses are not [to] be confused about who holds and who services their mortgage but, rather, intentionally seek to manipulate and prolong the bankruptcy process. . . . The court notes that it has been involved in the Hegeduses' litigation over its Delaware property for the better part of a decade.

Hegedus v. U.S. Bank Nat'l Ass'n, No. 5:20-cv-00040, 2021 WL 724607, at *1 n.1 (W.D. Va. Feb. 24, 2021) (collecting cases from the Western District of Virginia brought by the Hegeduses).

In the bankruptcy court's proposed findings of fact and conclusions of law, Judge Connelly surveyed this substantial history of harassment and concluded that a prefiling injunction was the appropriate sanction.

> The Hegeduses challenge the validity of state court and federal court orders, but without a valid basis for their challenges. They attempt to relitigate claims that have been previously disposed of. They file lawsuits against the mortgage loan holders, the loan services, and their counsel in their personal capacities, without valid legal merit to the lawsuits. Despite having been told by state courts and federal courts that their claims are meritless, Mr. and Mrs. Hegedus have re-raised the same meritless claims. After more than seven state court orders denying or dismissing the Hegeduses' claims, plus at least ten orders in the federal courts

3

> dismissing or denying their claims, the Hegeduses' continued litigation is undoubtedly a deliberate intent to harass [U.S. Bank]. The Hegeduses lack a good faith basis to pursue the litigation.

ECF No. 1, at 18–19.

## II.

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to bankruptcy, in which case the bankruptcy judge must issue proposed findings of fact and conclusions of law to the district court for final disposition. 28 U.S.C. § 157(c)(1). The district court then must enter a final order "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." Id. The Hegeduses objected to the entirety of the bankruptcy judge's findings and conclusions. ECF No. 2. The court has reviewed Judge Connelly's thorough accounting of the Hegeduses' litigation history, the parties' briefs, and the docket of the underlying adverse bankruptcy proceeding. The court finds that a prefiling injunction is unnecessary at this time.

The All Writs Act permits a federal court to restrict access to the courts where a litigant abuses such access through repeated, meritless, and vexatious filings. 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). "[T]he particular constitutional protection afforded by access to the courts is 'the right conservative of all other rights, and lies at the foundation of orderly government.'" Cromer, 390 F.3d at 817 (quoting Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148 (1907)). A prefiling injunction limits, if not eliminates, the right to access to the courts, and thus courts should refrain from imposing such a sanction "absent 'exigent circumstances, such as a litigant's continuous abuse

4

of the judicial process by filing meritless and repetitive actions.'" Id. at 818 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). "Indeed, 'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. In addition, the language of the prefiling injunction must be "narrowly tailored to fit the specific circumstances at issue." Id.

The Hegeduses' history of litigation is voluminous. This court first encountered the Hegeduses in a 2011 lawsuit they filed against several Delaware residents alleging fraud, misrepresentation, and other torts arising out of the purchase of their Delaware property. See Hegedus v. Ross, No. 5:11-cv-18, 2011 WL 2960194 (W.D. Va. July 21, 2011). This court subsequently addressed claims brought by the Hegeduses in 2016, Hegedus v. Nationstar Mortgage, LLC, No. 5:16-cv-1, 2016 WL 5660239 (W.D. Va. Sept. 29, 2016), 2018, Hegedus v. Nationstar Mortgage, LLC, 5:17-cv-53, 2018 WL 1461747 (W.D. Va. Mar. 23, 2018), and 2020, Hegedus v. Nationstar Mortgage, LLC, 5:17-cv-53, 2020 WL 957464 (W.D. Va. Feb. 27, 2020). The Hegeduses were also involved in litigation in the Delaware Superior Court, Delaware Court of Chancery, Delaware Supreme Court, and United States District Court for the District of Delaware, from 2015 until 2022. ECF No. 1, at 2–6. Additionally, the

Hegeduses have filed two bankruptcy petitions, see No. 18-51043 (Bankr. W.D. Va. filed Nov. 16, 2018); No. 19-50855 (Bankr. W.D. Va. filed Sept. 30, 2019), and one adversary bankruptcy proceeding in this district, see No. 22-05007 (Bankr. W.D. Va. filed June 28, 2022). Many of these courts have referenced the "vexatious, harassing, [and] duplicative" nature of the Hegeduses' lawsuits. Comer, 390 F.3d at 818. The Delaware Superior Court explicitly stated in an order that the Hegeduses' "pleadings appear to be designed to vex, harass, or injure" U.S. Bank. U.S. Bank Nat'l Ass'n, 2021 Del. Super. LEXIS 1576, at *2. Judge Connelly discussed the Hegeduses' malintent in two of their bankruptcy proceedings, noting their "frivolous delay tactics and abuse of the [c]ourt system," In re Hegedus, No. 19-50855, ECF No. 67, at 5–6 (slip copy), and concluding that their "continued litigation" evidences their "deliberate intent to harass [U.S. Bank]," ECF No. 1, at 19.

The Hegeduses do not have a good faith basis to pursue further litigation related to their Delaware property. As the courts to have addressed their claims have noted, the Hegeduses "have reason to believe that their claims are foreclosed by controlling law." U.S. Bank Nat'l Ass'n, 2021 Del. Super. LEXIS 1576, at *2. "Despite having been told by state courts and federal courts that their claims are meritless, Mr. and Mrs. Hegedus have re-raised the same meritless claims." ECF No. 1, at 18. Such "bootless attempts to relitigate issues that have already been adjudicated" are indicative of bad faith. Green v. Prince George's Cnty., 641 B.R. 820, 842 (D. Md. 2022) (imposing prefiling injunction on a pro se party for repeated vexatious litigation).

The burden imposed by the Hegeduses' harassing litigation is self-evident. As Judge Connelly recognized, "[a]fter more than seven state court orders denying or dismissing the

Hegeduses' claims, plus at least ten orders in the federal courts dismissing or denying their claims, the Hegeduses' continued litigation is undoubtedly a deliberate intent to harass [U.S. Bank]." ECF No. 1, at 18–19. The bankruptcy court, Delaware state and federal courts, and this court has each spent significant resources in the resolution of the Hegeduses' claims.

Finally, other sanctions would be inadequate to tamper the Hegeduses' filings. Monetary sanctions would be unlikely to deter the Hegeduses, as evidenced by their continued payment of filing fees to relitigate claims already adjudicated. See No. 19-50855, ECF No. 69, 85 (Bankr. W.D. Va.) (docket entries referencing the Hegeduses' payment of filing fees for an appeal to the district court and to reopen the bankruptcy proceeding after the district court affirmed dismissal of the case). And a finding of contempt likely would not dissuade the Hegeduses from further filings—courts have repeatedly explained to the Hegeduses the futility of their claims and addressed the harassing and vexatious nature of their lawsuits to no avail. A finding of contempt would not likely send a clearer message. See Pourbabai v. Fitzgerald, No. 1:20-cv-00015, 2020 WL 6135515, at *5 (E.D. Va. Sept. 4, 2020) (finding that no alternative sanction to a prefiling injunction was adequate where "[a]t least two prior jurists ha[d] previously admonished" a pro se litigant).

In sum, the Hegeduses have a history of filing vexatious, harassing, and duplicative lawsuits. Additionally, this court, the bankruptcy court, and Delaware courts have gone to great lengths to explain the baselessness of the Hegeduses' claims. They have not filed lawsuits in good faith, they have placed a burden on the courts wholly disconnected from any plausible cause of action, and they have demonstrated that alternative sanctions would be inadequate.

However, the court notes in contrast the dormant nature of the adverse bankruptcy proceeding involving the Hegeduses—their only active case in the Western District of Virginia. See No. 22-05007 (Bankr. W.D. Va. filed June 28, 2022). Indeed, the Hegeduses have filed no new motion or pleading since July 11, 2023, almost eight months ago. This relative quiet is significant given the Hegeduses' history of serial litigation. In light of this lasting peace, the court concludes that U.S. Bank's motion for a prefiling injunction is moot. Should the Hegeduses revive their practices, the nature of which is recounted fully in Judge Connelly's proposed findings and conclusions, the court will revisit this issue.

### III.

Accordingly, U.S. Bank's motion for a prefiling injunction is **DENIED as moot**.

Entered: March 5, 2024

Michael F. Urbanski
Chief United States District Judge